JOHN W. DAVISON ET AL v. ANDERSON GEE.

Principal and Surety—Release—Receipt for Usury Paid.
 A receipt for $80.00 for "indulgence" on a note, where shown by the
 pleadings to have been given for usury paid, and was for forbearance,
 would not release the sureties, except for the usury thus paid.

APPEAL FROM TRIGG CIRCUIT COURT.

January 28, 1870.

OPINION OF THE COURT BY JUDGE HARDIN:

The receipt exhibited imports that the $80 paid for "indulgence" procured by a binding agreement on extension of credit to the principal obligor; which presumption may have exonerated the appellants, as his now concurring sureties. But the allegations of the amended petition repel that presumption, and if true, show that the $80 so receipted for, were paid for usury to that amount, which all parties agreed to pay, at the date of the note, and consequently that the "indulgence," was forbearance according to the original contract by principal and sureties. These allegations were not traversed, and must therefore be treated as admitted. If then there was no available error in the admission of that amendment after the commencement of the trial, the judgment against the sureties which allows the $80 as a credit, as was conceded in the amended petition, was right, unless the court erred in the instruction given. And we cannot say that the admission of the amendment was an abuse of the discretion of the court.

The peremptory instruction given seems to have been authorized by the facts as admitted by the pleadings.

Wherefore the judgment is *affirmed*.

*McPherson, for appellant.*

*Dabney, for appellee.*